UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR FLEMMING MOLER** | : | **DOCKET NO. 19-cv-1508** |
| REG. # 27271-171 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DWAYNE HENDRIX** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Arthur Flemming Moler. At the time of filing, Moler was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institute at Forrest City, Arkansas ("FCI- Forrest City Low"). His suit involves events that took place while he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). He has since been released from prison.

Following an initial screening, the Court ordered the petitioner to provide a copy of the Disciplinary Hearing Officer's (DHO) report. Doc. 4. On February 28, 2020, Moler filed an amended petition, providing the requested document. Doc. 5.

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

Moler brings this petition seeking expungement of a prison disciplinary proceeding that took place at FCIO and reinstatement of 27 days of good time credit. Doc. 1, p. 7. He alleges that the Disciplinary Hearing Officer ("DHO") proceedings did not comply with the due process standards as his legal files were stolen by prison staff, he was not given staff representation and he was unable to submit documentary evidence. *Id*. at p. 6, ¶ 13. Accordingly, he seeks restoration of his good time credits, expungement of the charge, and if he is released prior to such ruling, that he be reimbursed for those days detained illegally. *Id*. at p. 7.

# II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963

(1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

The record reveals that petitioner received all due process due under *Wolff*. Moler was notified of the charges against him on July 16, 2018, and provided a copy of a written incident report. Doc. 5-1, p. 2. On July 20, 2018, he was advised of his rights before the DHO and provided a copy of the Inmate Rights at the Discipline Hearing. *Id*. The DHO hearing was held on July 24, 2018. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report states the following:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You initially requested a witness, inmate Sims, reg. 24456-076, and you requested the services of a staff representative, Dr. Powers, to assist you at the hearing. However, you advised the DHO you wished to waive you (sic) requested witness. You indicated to the DHO you were ready to proceed with the hearing.
>
> During the DHO hearing Inmate Moler elected to make a statement. Inmate Moler stated, 'I have had no help from my Unit Team, and my legal paperwork/diary was stolen. I type what happened everyday (sic), then when it gets full I print it and send to my wife. Due to issues with Unit Team, I would type everything that would happen. My issue is with Unit Team Staff, I did not record the times of officers, that would be a security issue. This is my own record keeping for my own information.'

*Id*. at p. 2.

Finally, petitioner was provided a written statement of the DHO's findings on August 10, 2018.[1]  *Id*. at p. 4.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of Disruptive Conduct Most Like Mail Abuse, in violation of 299 ML 296.  The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. The DHO found that Moler was gathering and documenting detailed information about the daily operations of FCIO.  *Id*. at p. 3.  Specifically, he saved numerous notes and detailed information about the movement and daily functions of the institution and the movement of the staff, using the TRULINKS email system.  *Id*.  In one note he stated, "Times recorded are when they are seen coming onto the compound through front entry."  *Id*.  He also gives specific dates and times of staff entering or exciting certain housing units.  *Id*.  Several emails/daily entries were presented and read at the hearing.  *Id*.

It was determined that although the emails were not addressed to anyone, Moler's statement to DHO that he would print and send the information to his wife constituted evidence to support a finding that he used the TRULINKS system in a manner disruptive to the orderly running of a BOP facility, much like Abuse of the Mail.  *Id*. at p. 4.  Moreover, DHO was not persuaded by Moler's argument that he was only monitoring his Unit Team Staff, not officers, and therefore, there was no security issue.  They relied heavily on the testimony of Moler's chosen staff representative, Dr. Powers, who stated, "all staff are correctional officers first."  *Id*.

---

[1] Petitioner disputes the fact that he received a copy of the DHO Report on this date.  However, he concedes that he did receive a written copy on August 13, 2018.  *Id*.

Accordingly, it cannot be said that there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

### III.
### CONCLUSION

For the reasons stated above, Moler's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 4th day of May, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE